**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEANCARLO JOSE ORDUNA MINAYA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-6507-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

## PROCEEDINGS

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on November 2, 2026. Respondents filed an Answer on November 5, 2026. Petitioner failed to file a timely Reply.

## BACKGROUND

Petitioner, a citizen of Peru, entered the United States without inspection in May of 2023. Detained initially, Petitioner was released on his own recognizance shortly thereafter. Petitioner is pursuing an asylum application and has received employment authorization. Petitioner has attended all immigration appointments.

Following a 2026 hit and run conviction, Petitioner was detained by ICE at a July 20, 2026 appointment. On September 18, 2026, an immigration judge claimed that Petitioner's detention is mandatory.

Herein, Petitioner seeks, inter alia, an individualized bond hearing before an immigration judge within seven (7) days. Respondents do not appear to contend that Petitioner's detention is mandatory. However, Respondents contend that the Court should deny relief because Petitioner allegedly has an adequate remedy in the administrative proceedings.

## DISCUSSION

Contrary to the immigration judge's apparent belief, Petitioner's detention is not mandatory. See Rodriguez-Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026); 8 U.S.C. § 1226(a). Petitioner is entitled to a prompt bond hearing. See id. Absent this Court's intervention, it appears Petitioner will not receive one. Under the circumstances presented, the Government should have the burden at the post-deprivation bond hearing to prove by clear and convincing evidence that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight. See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("Martinez v. Clark"); Aslan v. Semaia, 2026 WL 1722902, at *4 (C.D. Cal. June 11, 2026) (and cases cited therein).

## CONCLUSION

It is ordered that the Petition is granted in part. Within seven (7) days of the entry of Judgment, Respondents must provide Petitioner (A# 245-022-000) with a bond hearing before an immigration judge at which the Government bears the burden of proving by clear and

convincing evidence that the detention of Petitioner is necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 10, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has failed to justify any additional or different form of habeas relief.